### BUTLER v. R. P. BOLTON CO.

(Supreme Court, Appellate Term, First Department. November 13, 1913.)

MASTER AND SERVANT (§ 43*)—WRONGFUL DISCHARGE—ACTIONS—SUFFICIENCY OF EVIDENCE.

   Evidence in an employé's action for damages for wrongful discharge *held* to make it a jury question whether the contract of employment existed on a certain date.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 57, 58; Dec. Dig. § 43.*]

Appeal from City Court of New York, Trial Term.

Action by Joseph F. Butler against the R. P. Bolton Company. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial granted.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Moos, Prince & Nathan, of New York City (Alfred B. Nathan, of New York City, of counsel), for appellant.

Richard S. Harvey, of New York City (Lewis Squires, of New York City, of counsel), for respondent.

BIJUR, J. Plaintiff sued for breach of a contract of employment. He testified that while in the employ of defendant, apparently on a weekly arrangement, he had a talk with the president of the defendant on June 30, 1911, at which the following conversation occurred:

   "Mr. Bolton said: 'Butler, I don't want to lose you. We are very busy here. I am glad I got you back. I have got a year's work for you to do, and

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

I want you to do it.' I said: 'Mr. Bolton, if you tell me to stay,' I said, 'your word is·good enough for me. I will stick. I will turn down this other proposition.' Mr. ·Bolton said: 'I want you to stay. We are busy, and· we have· got this year's work. You are the man to do it, and I want you to do it.' "

He further testified that the salary "was to be the same as before," namely, $40 per week. A few days later, July 5, 1911, plaintiff, on learning from the vice president, during the absence of the president, that he was to be discharged, wrote Mr. Bolton a letter, in which he said, among other things:

"On Saturday we had a little talk together, and as above stated I gathered. that you wanted me to stay with you. * * * Now, as you asked me not to do anything until you returned, and I promised not to, I do not relish being. pitched out by the heels so summarily." ·

The motion to dismiss was made on the ground that "upon the plaintiff's own written admission and sworn testimony there was no· evidence of any contract being in existence on June 30th," and the written admission is specified as being the letter of July 5th, to which I have referred. It seems to me that the plaintiff gave ample evidence of an oral agreement of employment for a year, and that the significance of an admission to the contrary in his letter of July 5, 1911, if such it be, was a matter to be determined by the jury.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.